UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

JAVIER A. MOLINA,
JUAN F. FLORES
and other similarly-situated individuals,

    Plaintiffs,

v.

LEOPARDI'S ITALIAN RESTAURANT INC,
and ANTHONY J. LEOPARDI, individually

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs JAVIER A. MOLINA, JUAN F. FLORES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants LEOPARDI'S ITALIAN RESTAURANT INC., and ANTHONY J. LEOPARDI individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES are residents of Lee County, Florida. Plaintiffs are covered employees for purposes of the Act. Plaintiffs performed their work in Lee County, within the jurisdiction of this Court.

3. Defendant LEOPARDI'S ITALIAN RESTAURANT INC (hereinafter LEOPARDI'S RESTAURANT, or Defendant) is a Florida corporation, having its main place of business

in Lee County, were Plaintiffs worked. At all times material, Defendant was and is engaged in interstate commerce.

4. Individual Defendant ANTHONY J. LEOPARDI was and is now, the owner/partner/ president and directed operations of Defendant Corporation LEOPARDI'S RESTAURANT. Defendant ANTHONY J. LEOPARDI is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Lee County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Defendant LEOPARDI'S RESTAURANT is a retail business operating as an Italian restaurant at 13851 s Tamiami Trail, Fort Myers, Florida 33912, where Plaintiffs worked.

7. The employer LEOPARDI'S RESTAURANT was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a retail company operating as an Italian restaurant. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times proportionally in excess of $500,000 per annum. Therefore, there is enterprise coverage.

8. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials and that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

9. Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI employed Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES as a non-exempt, full time, hourly employees. Plaintiffs were hired as cooks.

10. Plaintiff JAVIER A. MOLINA worked for Defendants from approximately August 01, 2018 to December 23, 2018, or 20 weeks and 4 days.

11. Plaintiff JUAN F. FLORES worked for Defendants from approximately August 01, 2018 to December 23, 2018, or 20 weeks and 4 days.

12. During their time of employment Plaintiffs had a regular schedule. Plaintiffs worked 6 days per week from Mondays to Sundays, from 9:30 AM to 10:30 PM or more, for a minimum of 78 hours every week period. Plaintiffs were unable to take bona-fide lunch periods.

13. Plaintiff were paid $1,275.00 in check, plus $400.00 in cash, for a total of $1,675.00 weekly, resulting in an hourly rate of $21.48.

14. Plaintiffs worked many hours in excess of 40 every week period, they were paid for all their working hours, but they were not paid overtime hours.

15. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiffs were paid bi-weekly with checks and paystubs reflecting a salary of $1,275.00 covering 40 hours of work. The hours in excess of 40 and the cash payment of $400.00 were not disclosed anywhere in the paystubs.

17. Defendants used a computer to track the hours worked by other employees, but Plaintiffs were not allowed to clock in and out.  Although Plaintiffs did not clock in and out, Defendants were able to track the hours worked by Plaintiffs and other similarly situated individuals.

18. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES were fired by the owner of the business ANTHONY J. LEOPARDI on or about December 23, 2018 after they complained with their manager about the lack of payment for overtime hours.

19. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES seek to recover unpaid overtime hours, accumulated during all their time of employment, liquidated damages, retaliatory damages, as allowable by law.

20. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES re-adopt each and every pertinent and factual allegation, as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI employed Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES as a non-exempt, full time, hourly employees.  Plaintiffs were hired as cooks.

24. During their time of employment Plaintiffs had a regular schedule.  Plaintiffs worked 6 days per week from Mondays to Sundays, from 9:30 AM to 10:30 PM or more, for a minimum of 78 hours every week period. Plaintiffs were unable to take bona-fide lunch periods.

25. Plaintiff were paid $1,275.00 in check, plus $400.00 in cash, for a total of $1,675.00 weekly, resulting in an hourly rate of $21.48.

26. Plaintiffs worked many hours in excess of 40 every week period, they were paid for all their working hours, but they were not paid overtime hours.

27. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. Plaintiffs were paid bi-weekly with checks and paystubs reflecting a salary of $1,275.00 covering 40 hours of work. The hours in excess of 40 and the cash payment of $400.00 were not disclosed anywhere in the paystubs.

29. Defendants used a computer to track the hours worked by other employees, but Plaintiffs were not allowed to clock in and out.  Although Plaintiffs did not clock in and out, Defendants were able to track the hours worked by Plaintiffs and other similarly situated individuals.

30. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES were fired on or about September 20, 2018, after they complained for overtime hours.

31. Defendants' failure to pay Plaintiffs and all current and former employees similarly situated, compensation at a rate not less than one and one-half times the rate at which they are/were employed for work performed beyond the 40 hours in a workweek, is contrary to the provisions of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. The records, if any, concerning the number of hours worked by Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES and all other similarly-situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.

33. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

35. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

### I.- Overtime Plaintiff JAVIER A. MOLINA

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate

a. <u>Total amount of alleged unpaid wages</u>:

Eight Thousand Seven Hundred Twenty Dollars and 88/100 ($8,720.88)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  20 weeks + 4 days
Paid: $1,275.00 check plus $400.00 cash weekly= $1,675.00

   i. Calculations for 20 weeks with 6 days/78 hours worked weekly

Total relevant weeks of employment: 20 weeks
Total number of hours worked weekly:  78 hrs.
Overtime hours:  38 hours weekly
Unpaid overtime hours: 38 hours
Paid: $1,675.00 weekly:78 worked hours=$21.48 an hour
Regular rate: $21.48 :2= $10.74 half-time

Half-time $10.74 x 38 O/T hours=$408.12 x 20 weeks=$8,162.40

   ii. Calculations for 4 days/78 hours worked

Total relevant days: 4 days
Total number of hours worked weekly:  78 hrs.
Overtime hours:  13 hours weekly
Unpaid overtime hours: 52 hours
Paid: $1,675.00 weekly:78 worked hours=$21.48 an hour
Regular rate: $21.48 :2= $10.74 half-time

    Half-time $10.74 x 52 O/T hours=$558.48

    Total i and ii:  $8,720.88

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents the unpaid half-time overtime compensation.

## II.- Overtime Plaintiff JUAN F. FLORES

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate

a. <u>Total amount of alleged unpaid wages</u>:

    Eight Thousand Seven Hundred Twenty Dollars and 88/100 ($8,720.88)

b. <u>Calculation of such wages</u>:

    Total Period of Employment:  20 weeks + 4 days
    Paid: $1,275.00 check plus $400.00 cash weekly= $1,675.00

    i.    Calculations for 20 weeks with 6 days/78 hours worked weekly

    Total relevant weeks of employment: 20 weeks
    Total number of hours worked weekly:  78 hrs.
    Overtime hours:  38 hours weekly
    Unpaid overtime hours: 38 hours
    Paid: $1,675.00 weekly:78 worked hours=$21.48 an hour
    Regular rate: $21.48 :2= $10.74 half-time

    Half-time $10.74 x 38 O/T hours=$408.12 x 20 weeks=$8,162.40

    ii.    Calculations for 4 days/78 hours worked

    Total relevant days: 4 days
    Total number of hours worked weekly:  78 hrs.
    Overtime hours:  13 hours weekly
    Unpaid overtime hours: 52 hours
    Paid: $1,675.00 weekly:78 worked hours=$21.48 an hour
    Regular rate: $21.48 :2= $10.74 half-time

    Half-time $10.74 x 52 O/T hours=$558.48

    Total i and ii:  $8,720.88

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

  This amount represents the unpaid half-time overtime compensation.

37. At all times, the Employers/Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

38. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

39. Defendant LEOPARDI'S RESTAURANT knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly-situated these overtime wages since the commencement of Plaintiffs' and those similarly-situated employees employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.

40. At the time mentioned, individual Defendant ANTHONY J. LEOPARDI was and is now, the owner/partner/manager of LEOPARDI'S RESTAURANT. Defendant ANTHONY J. LEOPARDI is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of LEOPARDI'S RESTAURANT in relation to

its employees, including Plaintiffs and others similarly situated. Defendant ANTHONY J. LEOPARDI had financial and operational control of the business, he determined terms and working conditions of Plaintiffs and all other similarly situated employees and he is jointly liable for Plaintiffs' damages.

41. Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendant LEOPARDI'S RESTAURANT as set forth above.

42. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and they are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES and other similarly-situated individuals, and against the Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs JAVIER A. MOLINA, JUAN F. FLORES, and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

43. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES re-adopt each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

44. The employer LEOPARDI'S RESTAURANT was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is enterprise coverage.

45. Plaintiffs were employed by an enterprise engage in interstate commerce. Plaintiffs and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

46. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

48. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

49. Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI employed Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES as a non-exempt, full time, hourly employees.  Plaintiffs were hired as cooks.

50. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES worked for Defendants the same period, from approximately August 01, 2018 to December 23, 2018, or 20 weeks and 4 days.

51. During their time of employment Plaintiffs had a regular schedule.  Plaintiffs worked 6 days per week from Mondays to Sundays, from 9:30 AM to 10:30 PM or more, for a minimum of 78 hours every week period. Plaintiffs were unable to take bona-fide lunch periods.

52. Plaintiff were paid $1,275.00 in check, plus $400.00 in cash, for a total of $1,675.00 weekly, resulting in an hourly rate of $21.48.

53. Plaintiffs worked many hours in excess of 40 every week period, they were paid for all their working hours, but they were not paid overtime hours.

54. Plaintiffs were paid bi-weekly with checks and paystubs reflecting a salary of $1,275.00 covering 40 hours of work. The hours in excess of 40 and the cash payment of $400.00 were not disclosed anywhere in the paystubs.

55. Defendants used a computer to track the hours worked by other employees, but Plaintiffs were not allowed to clock in and out.  Although Plaintiffs did not clock in and out,

Defendants were able to track the hours worked by Plaintiffs and other similarly situated individuals.

56. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. On or about Tuesday December 18, 2018 Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES complained with the manager of the business about the lack of payment for overtime hours. The manager angrily replied that they Plaintiffs earned too much and denied overtime payment.

58. These complains constituted protected activity under 29 U.S.C. 215(a)(3).

59. On Friday December 21, 2018 Plaintiffs noticed that they were not scheduled to work the following week.

60. On or about Sunday December 23, 2018 Plaintiff complained to the owner of the business ANTHONY J. LEOPARDI about their missing overtime complaint to the manager, and about the fact that their names did not show in the schedule anymore. The owner of the business ANTHONY J. LEOPARDI answered Plaintiffs that he agreed with the manager's decision and there was no more work for them.

61. On or about December 23, 2018, the owner of the business ANTHONY J. LEOPARDI fired Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES.

62. At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiffs' employment with Defendants.

63. The adverse employment action against Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES by the Defendants was directly and proximately caused by Defendants' unjustified retaliation because of Plaintiffs' complaints about overtime payment, and regular wages in violation of Federal Law.

64. Moreover, Plaintiffs' termination came just in temporal proximity after Plaintiffs' participation in protected activity on or about December 18, 2018.

65. At the time mentioned, individual Defendant ANTHONY J. LEOPARDI was and is now, the owner and manager of Defendant Corporation LEOPARDI'S RESTAURANT. Defendant ANTHONY J. LEOPARDI was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of LEOPARDI'S RESTAURANT in relation to its employees including Plaintiffs and others similarly situated.  Defendant ANTHONY J. LEOPARDI had absolute operational and financial control of the business, and he is jointly liable for Plaintiffs' damages.

66. Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI willfully and maliciously retaliated against Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiffs from exercising their rights under 29 U.S.C. 215(a)(3).

67. The Defendants' adverse action against Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiffs have been damaged.

68. Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES have retained the law offices of the undersigned attorney to represent them in this action and they are obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES respectfully request that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES by Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI were an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants LEOPARDI'S RESTAURANT and ANTHONY J. LEOPARDI awarding Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiffs reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiffs JAVIER A. MOLINA and JUAN F. FLORES demand trial by jury of all issues triable as of right by jury.

DATED: March 20, 2019

                                        Respectfully submitted,

                                        By:  **/s/ Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.

        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
*Attorney for Plaintiffs*