UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:19-cv-00171-UA-UAM

JAVIER A. MOLINA,
and JUAN F. FLORES,

      Plaintiffs,

v.

LEOPARDI'S ITALIAN RESTAURANT, INC.,
and ANTHONY J. LEOPARDI, individually,

      Defendants.

_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between JAVIER A. MOLINA and JUAN F. FLORES (hereinafter, collectively as "Plaintiffs") on the one hand, and LEOPARDI'S ITALIAN RESTAURANT, INC., and ANTHONY J. LEOPARDI (hereinafter, collectively as "Defendants"), on the other.

WHEREAS, Plaintiffs, through the above-referenced case, alleged unpaid overtime compensation was due to them pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Plaintiffs also alleged retaliation under the FLSA;

WHEREAS, Defendants deny any violations of the FLSA as it regards Plaintiffs, and, in fact, assert that they have at all times complied with all applicable laws, rules and regulations in compensating Plaintiffs; and

WHEREAS, Plaintiffs and Defendants wish to avoid litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiffs' FLSA claims in the above-entitled matter are hereby resolved as follows:

1.    **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **ACKNOWLEDGMENTS**.  Plaintiffs acknowledge that the settlement reached herein is a fair and reasonable settlement of their FLSA claims against Defendants.

3.    **RELEASE OF FLSA CLAIMS**.

a.    This Agreement shall constitute a waiver and release of all claims Plaintiffs have or might have under the FLSA against Defendants.

b.    Plaintiffs hereby knowingly and voluntarily release Defendants; their parents, predecessors, successors, sister companies, affiliates; and their past and present directors, officers, managers, shareholders, members, employees, agents, insurers, insurance adjusters, and attorneys, both individually and in their professional capacities (collectively "Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiffs have or might have as of the date of execution of this Agreement.

4.    **CONSIDERATION**.

a.    In consideration of the matters set forth herein, Defendants shall pay Plaintiffs and their attorney the total gross amount of $28,750.00 (Twenty-Eight Thousand, Seven-Hundred, Fifty and 00/100 Dollars) (hereinafter the "Settlement Sum"), via wire transfer, or in the form of a check, which shall be allocated as follows:

- $12,000.00 made payable to Plaintiff, JAVIER MOLINA, as and for payment of any alleged unpaid overtime wages, liquidated damages, and any other damages allegedly due to Plaintiff JAVIER MOLINA pursuant to the FLSA, for which an IRS Form 1099 shall issue to Plaintiff. From this amount, $6,000.00 shall be allocated as "wages", and $6,000.00 shall be allocated as "liquidated damages";

- $12,000.00 made payable to Plaintiff, JUAN FLORES, as and for payment of any alleged unpaid overtime wages, liquidated damages, and any other damages allegedly due to Plaintiff JUAN FLORES pursuant to the FLSA, for which an IRS Form 1099 shall issue to Plaintiff. From this amount, $6,000.00 shall be allocated as "wages", and $6,000.00 shall be allocated as "liquidated damages";

- $4,250.00 made payable to Zandro E. Palma, PA, as payment of attorneys' fees and $500.00 in costs incurred in connection with Plaintiffs' claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Plaintiffs and/or Zandro E. Palma, P.A.

b.      The full settlement amount $28,750.00, which resolves all of PLAINTIFFS' claims, including payment for attorney's fees and costs, shall be provided to Plaintiffs' counsel via one lump sum payment made to "Zandro E. Palma, P.A. IOLTA", and shall be due on or before Friday, May 3rd, 2019. All funds shall remain in Plaintiffs' Counsel's Trust Account until such time the Court has entered an Order approving the terms of the parties' settlement agreement and dismissing the case with prejudice.

The full settlement amount shall be delivered to Plaintiffs' counsel's office, at: Zandro E. Palma, Esq., Law Offices of Zandro E. Palma, P.A., 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156, or be made via wire transfer to Plaintiffs' counsel's Trust Account.

c.      **Default/Default Remedies.**  In the event DEFENDANTS shall fail to make payment when due, and upon expiration of a three (3) business-day cure period, there shall be full acceleration of all amounts unpaid under the settlement agreement, and PLAINTIFFS and their attorney may immediately proceed with taking a Final Judgment against all DEFENDANTS, jointly and severally, for the balance then remaining; plus liquidated damages

in the amount of $5,000.00; plus any attorney's fees and costs incurred in entering Final Judgment. (*"Default Notice" shall be sent via e-mail to DEFENDANTS' counsel, Todd Shulby, Esq., at: chs@PaveseLaw.com).

Furthermore, DEFENDANTS waive any defenses they may have to such a claim excepting the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period. In the event of default, PLAINTIFFS may immediately proceed against DEFENDANTS with obtaining a judgment for the default amount plus interest accrued from May 3rd, 2019.

   d.   Plaintiffs understand and acknowledge that they would not receive the payments specified in this paragraph except for their execution of this Agreement, including the Release of FLSA Claims contained herein, and their fulfillment of the promises contained herein.

   e.   Defendants make no representation as to the taxability of the amounts paid to Plaintiffs. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiffs agree to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs or their attorneys under the terms of this Agreement.

   5.   **AFFIRMATION**. Plaintiffs affirm that, upon payment of the amounts set forth herein, they will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with their claims for overtime compensation against Defendants.

   6.   **NO ADMISSION**.   Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an

admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.  This Agreement represents the compromise of disputed and contingent claims.

7.    **OPPORTUNITY TO REVIEW**.  Plaintiffs acknowledge they are aware they are giving up all FLSA claims they may have against the Releasees.  Plaintiffs acknowledge they have been advised in writing to consult with an attorney and have had the opportunity to seek legal advice before executing this Agreement.  In fact, Plaintiffs acknowledge that they have consulted with their counsel of record, Zandro E. Palma, P.A., prior to executing this Agreement. Plaintiffs sign this Agreement voluntarily.

8.    **WAIVER OF JURY TRIAL**.  Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiffs and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case.

9.    **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiffs' FLSA claims.

10.    **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida.

11.    <u>**LITIGATION OF DISPUTES/ATTORNEY'S FEES**</u>.  In the event of a dispute as to the execution, interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute.  In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.  In any dispute, arbitration or litigation arising out of this Agreement, and/or its execution, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs.  These fees and costs shall be recoverable at both the trial and appellate levels.  Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiffs.

12.    <u>**ENTIRE AGREEMENT AS TO FLSA CLAIMS.**</u>  This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of the FLSA claims. Plaintiffs acknowledge they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to sign this Agreement, except those set forth in this Agreement.

13.    <u>**AMENDMENTS**</u>.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

14.    <u>**NEUTRAL REFERENCES**</u>.   Defendants agree to only provide neutral references in the event it shall be contacted by a prospective employer of Plaintiffs.  Said references shall be limited to providing only dates of employment, position held and rate of pay.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION**

OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: April _____, 2019          JAVIER A. MOLINA, Plaintiff

_____

Dated: April _____, 2019          JUAN F. FLORES, Plaintiff

_____

Dated: April 26, 2019          LEOPARDI'S ITALIAN RESTAURANT, INC.,
                               Defendant

                               By: _____

Dated: April 26, 2019          ANTHONY J. LEOPARDI, Defendant

                               _____