UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER A. MOLINA and JUAN F.
FLORES, and other similarly situated
individuals,

    Plaintiffs,

v.                                        Case No.:  2:19-cv-171-FtM-99UAM

LEOPARDI'S ITALIAN RESTAURANT,
INC. and ANTHONY J. LEOPARDI,

    Defendants.

---

**REPORT AND RECOMMENDATION[1]**

Pending before the Undersigned is the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice filed on May 10, 2019.  (Doc. 10).  The parties move the Court to approve their settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice.  (*Id.* at 1).  For the reasons stated below, the Undersigned recommends that the settlement be approved, dismissing Plaintiffs' claims with prejudice, but that the Court deny the parties' request for retention of jurisdiction.

On March 20, 2019, Plaintiffs Javier A. Molina and Juan F. Flores initiated this lawsuit against Defendants seeking recovery of unpaid overtime wages under the FLSA.  (Doc. 1). Plaintiffs, employed as cooks, worked for Defendants from approximately August 1, 2018 to December 23, 2018.  (*Id.* ¶¶ 10-11).  Plaintiffs claim Defendants failed to maintain proper time

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

records and willfully violated the FLSA by failing to properly compensate them for overtime hours. (*See id.* ¶¶ 14-17). Now, the parties move the Court to approve the settlement and dismiss the case with prejudice. (Docs. 10, 10-1-3).

In approving an FLSA settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for an FLSA claim to be settled or compromised. (*Id.* at 1352-53). The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. (*Id.* at 1353). The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. (*Id.*). When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. (*Id.* at 1353-54). The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. (*Id.* at 1354). The Eleventh Circuit has held that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1350, 1354 (11th Cir. 1982).

"Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement . . . . If the parties are represented by

competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Here, the joint motion states that a bona fide dispute exists between the parties as to the number of hours worked and whether Plaintiffs qualified for exemption under the FLSA. (Doc. 10 at 5-6). The parties have agreed to award each Plaintiff $12,000. (Doc. 10-1 at 3). This amount includes $6,000 of unpaid wages and $6,000 of liquidated damages. (*Id.* at 5; *see* Doc. 10-1). The settlement agreement provides that in exchange for the settlement proceeds, Plaintiffs agree to dismiss the case and release Defendants of "all claims Plaintiffs have or might have under FLSA against Defendants." (Doc. 10-1 at 2). The parties believe this is a fair and reasonable compromise of Plaintiffs' FLSA claims. (Doc. 10 at 6).

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this District similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*:

> The best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d at 1222, 1228 (M.D. Fla. 2009).

Here, the parties reached settlement and agreed upon the costs separately and without regard to the amount paid to Plaintiffs. (Doc. 10 at 6). Defendants agree to pay Plaintiffs' attorney's fees and costs in the amount of $4,250.00. (*Id.*). The Court recommends this amount is reasonable and that the settlement agreement as proposed is a fair and reasonable agreement.

However, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. (Doc. 10 at 7-8). Courts in this District routinely deny requests to retain jurisdiction to enforce terms of an FLSA settlement. *See, e.g, Correa v. Goldblatt*, No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011), *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011), *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). The parties failed to cite any case law in support of their request that the Court retain jurisdiction, (*see* Doc. 18), and the undersigned finds no compelling reason for the Court to retain jurisdiction to enforce the terms of the settlement agreement. *See King v. Wells Fargo Home Mortg.*, No. 2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (approving FLSA settlement

agreement but denying parties' request to retain jurisdiction where the agreement did not require it and the parties offered no articulation of independent jurisdiction). While the Undersigned recommends the monetary terms of the settlement agreement be approved, it is the Undersigned's recommendation that the parties' request for the Court to retain jurisdiction be denied.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 10) be **GRANTED in part and DENIED in part**.

2. The Settlement Agreement and Plaintiffs' Full and Final Release of Claims for Unpaid Wages (Doc. 10-1, 10-2, and 10-3) be **APPROVED.**

3. The parties' request for the Court to retain jurisdiction over enforcement of the settlement agreement be **DENIED**.

4. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 22nd day of May, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties